UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**THERESE HERRO and**
**THOMAS HERRO,**

        Plaintiffs,

**UNUM LIFE INSURANCE COMPANY OF AMERICA,**

        Involuntary Plaintiff,

    -vs-                                    Case No. 13-C-985

**LIBERTY MUTUAL INSURANCE COMPANY,**
**THE BON-TON DEPARTMENT STORES, INC.,**
**HARTFORD FIRE INSURANCE COMPANY, and**
**CAPITAL BUILDING SERVICES GROUP, INC.,**

        Defendants.

## DECISION AND ORDER

In its routine review of civil actions, the Court has recognized jurisdictional deficiencies in the notice of removal filed in this action. (ECF No. 1.) Rather than remanding the case, the Court will afford the removing Defendants an opportunity to remedy those deficiencies.

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal, as the proponent of federal subject

matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *Travelers Prop. Cas. v. Good,* 689 F.3d 714, 722 (7th Cir. 2012). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). In other words, there is a strong presumption in favor of remand.

In general, federal courts have jurisdiction diversity in actions where there is complete diversity of citizenship; that is, no plaintiff is a citizen of the same state as any defendant, and an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542, 547 (7th Cir. 2008). The defects in the notice of removal relate to the sufficiency of its allegation regarding the citizenship of the parties.

The citizenship of a corporation for diversity purposes is the state where the corporation is incorporated and the state where the corporation has its principal place of business, that is, the corporation's headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 91-97 (2010); *Ervin v. OS Rest. Servs.,* 632 F.3d 971, 979 (7th Cir. 2011). Allegations of citizenship made on information and belief are insufficient to invoke a federal court's jurisdiction. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir.1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage federal jurisdiction in diversity). The citizenship of Defendants Hartford Fire Insurance Company and

Capital Building Services Group, Inc. is alleged "upon information and belief." (Notice of Removal ¶ 8.) That allegation is insufficient.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

On or before **October 11, 2013,** the removing Defendants **MUST FILE** an amended notice of removal; and

Failure to file an amended notice of removal by the stated deadline will result in an order remanding this action without further notice.

Dated at Milwaukee, Wisconsin, this 11th day of September, 2013.

**BY THE COURT:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**